UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremy Pinson,

    Petitioner,

v.

Warden FMC Rochester,

    Respondent.

Civil No. 17-cv-3790 (PJS/FLN)

**ORDER AND REPORT & RECOMMENDATION**

---

Jeremy Pinson, *pro se*.
Erin Secord, Assistant United States Attorney, for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and Petitioner's motion to supplement the record (ECF No. 24). The Petition was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**, and **DENIES** Petitioner's motion to supplement the record (ECF No. 24).

## I.    BACKGROUND

Petitioner's request for habeas corpus relief under 28 U.S.C. § 2241 stems from an October 2, 2016, prison incident and a February 13, 2017, prison disciplinary decision resulting

1

in Petitioner losing a portion of accrued good time, potentially affecting Petitioner's release date.[1]

On April 2, 2007, and December 8, 2008, Petitioner was convicted in the Western District of Oklahoma and Southern District of Texas of violating 18 U.S.C. § 871(a) and §876. *See generally* ECF No. 8. Petitioner was sentenced to 252 months of detention with an expected release date of June 15, 2026. *See id*. at 4. Petitioner is currently an inmate at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"). *See* ECF No. 1 at 1.

**A. The Incident and Instant Petition**

Petitioner has a history of significant mental health challenges including schizophrenia, delusion, psychosis, and explosive personality disorder. *See* ECF No. 12, Ex. I at 2. Petitioner has been disciplined on eighty two occasions during their[2] federal incarceration. *See* ECF No. 12 at 4. On December 22, 2016, Petitioner received a citation for an October 2, 2016, incident at the Federal Correctional facility in Terre Haute, Indiana. *See id.*; *see also* ECF No. 12, Ex. C at 2. The citation, Incident Report No. 2902781, alleged violations of Terre Haute facility Code 101, Assaulting with Serious Injury; Code 228, Self-Mutilation; and Code 104, Possessing a Dangerous Weapon. *See id.*

According to Incident Report No. 2902781, on the evening of October 2, 2016, a security dispatch report came in that Petitioner had struck a lieutenant with a closed fist in their cell, and

---

[1] Respondent "does not dispute . . . that [Petitioner's] claim has exhausted [available] administrative remedies." ECF No. 5 at 10. Accordingly, this Court will not address the issue of whether Petitioner has exhausted their administrative remedies before bringing this Petition.

[2] Petitioner appears to be classified as male by the Bureau of Prisons. Petitioner, however, identifies as female. Respondent's Response to Petition, ECF No. 5 at 1, n. 1. To respect that, the Court here uses the pronoun "they" as a singular reference to Petitioner, and the counterparts them, and their. Though some consider this usage erroneous, the *Oxford English Dictionary* includes it as a definition, with citations dating from the 14th century to 1998. *See*, "they, pron., adj., adv., and n." *OED Online*, Oxford University Press, June 2018, www.oed.com/view/Entry/200700. Accessed 2 August 2018.

that Petitioner had cut a portion of their own scalp, right arm, and had cut out one of their testicles, inserting various metal foreign objects into their scrotum and flushing the cut-out testicle down the toilet. *See id.* at 1–2. A subsequent medical evaluation performed by facility Nurse May confirmed that Petitioner had deeply lacerated their right scalp, forearm, and vertically cut through their scrotum, although both testicles appeared present. *See id.* at 2.

After struggling to subdue Petitioner, the responding Terre Haute officers, Lieutenant Rodriguez, Senior Officer A. Wible, and Officer Sherfick, placed Petitioner in restraints. *Id.* Later at an administrative hearing, Petitioner remarked that "what happened [was] extremely unfortunate and I feel very bad for it." ECF 12, Ex. I at 1. "I severed an artery in my right arm and cut open my scrotum and attempted to take out . . . my testicles. I was flailing my arms and a loose restraint did strike the Lieutenant in the head." *Id.* "What made all this worse is about 45 minutes before they got me out of the cell I inhaled K2 laced with PCP so a lot of what happened is not real clear to me." *Id.*

By December 13, 2016, Petitioner had been transferred to the Federal Medical Center in Springfield, Missouri ("FMC Springfield"). *See* ECF No. 12 at 6. On December 22, 2017, Petitioner was provided a copy of Incident Report No. 2902781 by FMC Springfield staff. *Id*. Because of Petitioner's mental health history, FMC Springfield requested a competency evaluation before commencing disciplinary proceedings regarding the October 2, 2016, Terre Haute incident. *See id.* On January 4, 2017, Dr. John Brandt, the Chief of Psychology at FMC Springfield, found that Petitioner was "competent to proceed with the disciplinary process and was responsible at the time of the alleged offense." ECF No. 14, Ex. E at 3.

Following that, on January 17, 2017, FMC Springfield staff conducted an initial hearing on Incident Report No. 2902781. *See* ECF No. 12 at 7. Petitioner was advised of their rights

3

during the hearing, and was provided an opportunity to call witnesses and request the support of a staff representative. *See* ECF No. 12 at 7; *see also* ECF No. 12, Exs. F and H. Petitioner requested that Senior Officer Specialist ("SOS") Dickens act as their representative and did not call any witnesses. *See* ECF No. 12, Exs. F, H, and G.

On January 31, 2017, FMC Springfield staff conducted a full administrative hearing on Incident Report No. 2902781 before Discipline Hearing Officer ("DHO") Kevin Nikes. *See* ECF No. 12 at 1; *see also* ECF No. 12, Ex. I. SOS Dickens provided a statement on Petitioner's behalf before the hearing and stated that Petitioner is "a different person" when they are taking their medication and is not a facility management problem when properly medicated. ECF No. 12, Ex. I at 1. Petitioner was also permitted to proffer documentation concerning their mental health diagnosis and treatment provided by Dr. Rice, Petitioner's mental health provider at the Terre Haute facility. *See id.; see also* ECF No. 12 at 11.

On February 13, 2017, "after careful consideration" DHO Nikes issued a decision concluding that Petitioner violated Codes 101, Assaulting with Serious Injury, 228, Self-Mutilation, and 104, Possessing a Dangerous Weapon. *Id.* at 4. DHO Nikes sanctioned Petitioner as follows: (1) Code 101, "disallowance of 41 days good conduct time[;]' (2) Code 104, "disallowance of 41 days good conduct time[;]" and (3) Code 228 disallowance of 27 days good conduct time." ECF No. 12 at 9; *see also* ECF No. 12, Ex. I at 4. In reaching his decision, the DHO considered Petitioner's denial of responsibility based on their mental health diagnoses, SOS Dickens' statement that Petitioner is better managed when properly medicated, and the documents provided by Dr. Rice showing that Petitioner suffered from several mental health impairments. *See* ECF No. 12, Ex. I at 4. DHO Nikes, however, found that Dr. Brandt's statement that Petitioner was responsible for their actions on October 2, 2016, was controlling on

4

the question of Petitioner's competency, and the statements of the responding officers were sufficient to determine that Petitioner had actually violated Terre Haute Codes 101, 104, and 228. *See id.*

In the instant Petition, Petitioner alleges that the United States Bureau of Prisons violated Petitioner's rights secured by the Fifth Amendment to the United States Constitution in depriving them of an "opportunity to call witnesses, submit documentary evidence, and [by making an] improper competency/responsibility assessment" during the January 31, 2017, FMC Springfield administrative hearing. ECF No. 1 at 6. Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241 "expunging" the DHO's finding that they violated Codes 101, 104, and 228 and an "[order restoring] . . . good conduct time and restoring of custody classification score." ECF No. 1 at 8. Respondent counters that Petitioner has been provided all the due process to which they are entitled in an inmate disciplinary matter and, because sufficient evidence supports the determination that Petitioner was responsible for the prohibited acts, Petitioner's loss of good time should not be restored. *See generally* ECF No. 5. This Court agrees.

## II.   ANALYSIS

To obtain habeas relief under 28 U.S.C. § 2241, a petitioner must demonstrate that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rose v. Hodges*, 423 U.S. 19, 21 (1975). 28 U.S.C. § 2241 is the appropriate statute to request habeas relief for a petitioner, such as here, challenging a disciplinary hearing impacting the loss of their accrued good time and potentially the duration of their confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *see, e.g.*, *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (a writ of habeas corpus *is not the* proper remedy "if the prison *is not challenging* the validity of [their conviction] or the length of [their]

detention, such as a loss of good time" accrual) (emphasis added). Deprivation of an inmate's good conduct time for disciplinary reasons "implicates a liberty interest that is protected by the Due Process Clause." *Espinoza v. Peterson*, 283 F.3d 949, 951–52 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555–58 (1974))

### A. There Was Sufficient Evidence to Support the DHO's Findings

To satisfy the requirements of due process, the record must only include some evidence that supports the disciplinary decision. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985). "Some evidence" can include statements or testimony, a written account of the incident, or the incident report. *See id.* at 456–57. In *Hill*, the United States Supreme Court emphasized that the decision of a prison disciplinary officer after a disciplinary hearing was entitled to considerable deference. *See id.* at 454 (the findings of a prison disciplinary authority should not be second-guessed by the federal courts as long as they "are supported by some evidence in the record"). Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id.* at 455–56. Rather, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Id.*; *see also Goff v. Burton*, 7 F.3d 734, 739 (8th Cir.1993).

A prison guard's testimony or incident report is sufficient to provide some evidence. *Id.* at 456. Courts are not part of the appellate process for prison disciplinary proceedings. *See Courtney v. Bishop*, 409 F.2d 1185, 1187 (8th Cir. 1969). Due process "does not require courts to set aside decisions of prison administrators that have some basis in fact." *Hill*, 472 U.S. at 456; *see also Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir.1996) (if there is some evidence to

support a disciplinary committee's decision, the requirements of procedural due process have been met; the decision can be upheld even if the evidence supporting the decision is "meager").

The "some evidence" standard is met in this case. The DHO's determination that Petitioner committed the prohibited acts outlined in Codes 101, 104, and 228 was supported by Petitioner's own admission that they struck Lieutenant Rodriguez while under the influence of K2 and lacerated their body, *see* ECF No. 12, Ex. I at 1, as well as the statements of the responding officers; Lieutenant Rodriguez, Senior Officer A. Wible, and Officer Sherfick. Moreover, the DHO's decision was based in part on Dr. Brandt's assessment that Petitioner, although beset with "significant psychological issues," was responsible and competent for their actions on October 2, 2016. ECF No. 12, Ex. E at 3. Accordingly, this Court finds that there is sufficient evidence in the record to support the DHO's determination.

> 2. **The Disciplinary Hearing Comported With the Procedural Requirements Set Forth in *Wolff***

A prisoner must be afforded at least some procedural due process protections before being deprived of good conduct time. *See Wolff*, 418 U.S. at 557. A prisoner who is facing a loss of good conduct credits is not entitled to the full panoply of procedural rights that accompanies a criminal prosecution. *See id.* at 566. To satisfy the constitutional requirements of due process, prisoners facing loss of good conduct time must be given: 1) advance written notice of the charges; 2) an impartial hearing body; 3) an opportunity to present witness testimony and other evidence; 4) assistance for illiterate inmates or in complex cases; and 5) a written explanation of the ultimate resolution of the charges. *See Espinoza*, 283 F.3d at 951–52.

This Court finds that Petitioner received at least the minimal procedural benefits prescribed by *Wolff* during their disciplinary proceedings. The record shows that on December 22, 2016, Petitioner received a copy of Incident Report No. 2902781, providing them with

advanced written notice of the charges against them. *See* ECF No. 12 at 6. While Petitioner appears to argue that the copy of the Incident Report they received on December 22, 2016, was different than the original report, an original copy of the notice is not necessary to satisfy due process. Indeed, the December 22, 2016, copy afforded Petitioner sufficient advance written notice of the disciplinary allegation, and provided Petitioner sufficient time to gather witnesses and staff representation. *See Hill*, 472 U.S. at 454.

Furthermore, this Court observes that the January 17, 2017, and January 31, 2017, hearings were conducted by a certified DHO, who was an impartial fact-finder. The DHO did not complete the incident report, was not an investigating officer, or a witness to the incident. Petitioner was also present during the DHO proceedings, was advised of their rights prior to the hearings, was provided a staff representative, and was given the opportunity to call witnesses and present documentary evidence. *See* generally ECF No. 12; *see also* ECF No. 12, Exs. F, G, and H. During the proceedings, Petitioner provided documentation addressing their mental health challenges, *see* ECF No. 12 at 11, and a statement on their behalf. Petitioner's statement was incorporated into, and extensively cited, in the DHO's February 13, 2017, finding that Petitioner violated Codes 101, 104, and 228. *See* generally ECF No. 12, Ex. I. Finally, Petitioner was provided a written report of the DHO's decision.

That Petitioner declined the opportunity to call a witness, request Dr. Rice's assistance at the disciplinary process, or offer evidence that PCP may have affected their competency to rebut Dr. Brandt's finding that they were competent on October 2, 2016, does not compel this Court to grant Petitioner's request to restore their good time. The question here is simply whether Petitioner was afforded the basic procedural safeguards required by *Wolff*. This Court finds that those safeguards were met, and recommends that Petitioner's request for habeas relief be denied.

## III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (ECF No. 1) be **DENIED**;
2. This matter be **DISMISSED WITH PREJUDICE**;
3. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

## IV. ORDER

On November 20, 2017, after the Respondent filed its response, Petitioner filed a motion seeking to supplement the record with an additional incident report regarding the events complained of in the Petition. ECF No. 24. The Court has reviewed the document with which Petitioner seeks to supplement the record, ECF No. 27-1, and concludes that it adds nothing to support the claims in the Petition. The motion to supplement the record is therefore **DENIED**.

DATED: August 2, 2018                    *s/Franklin L. Noel*

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 16, 2018**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.